State v. Woody

*Attorney General Morgan by Assistant Attorney General Banks for the State.*

*Chambers, Stein, Ferguson & Lanning, by Charles L. Becton, for the defendant appellant.*

---

STATE OF NORTH CAROLINA v. FRANKLIN DEE WOODY AND
CLIFFORD LEON KELLY

No. 7129SC717

(Filed 15 December 1971)

Burglary and Unlawful Breakings § 5— identification of defendants —
sufficiency of evidence

The State offered sufficient evidence of the identification of defendants, including testimony by two eyewitnesses, to sustain their conviction of felonious breaking and entering.

ON *certiorari* to review trial before *Beal, Special Judge,* 17 April 1970 Session of Superior Court held in McDOWELL County.

---

State v. Woody

---

Defendants were convicted of felonious breaking and entering. From judgments imposing active prison sentences they gave notice of appeal. Because of the delay of the court reporter in furnishing counsel a transcript of the trial proceedings and counsel's consequent difficulty in docketing the record in this Court, we allowed certiorari to perfect a late appeal.

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks and Associate Attorney George W. Boylan for the State.*

*I. C. Crawford for defendant appellants.*

VAUGHN, Judge.

As defendants correctly assert in their brief, the real issue at trial was that of identification of the defendants. On this question the State offered the testimony of two eyewitnesses whose testimony was unequivocal. James and Janice Burleson lived in an apartment over the premises which were broken into and from which the safe was stolen. They were awakened about 2 a.m. and went to their window. They saw three men walking away from the building, two of whom were carrying the safe. The area was lighted by a street light and a light near the door of the building. Janice Burleson could see the faces of, and positively identified, Kelly and Woody. James Burleson could only identify Kelly (The identity of the third man has apparently not been discovered). Defendants were represented by able counsel at trial and in this Court. We have carefully considered each of the 18 assignments of error brought forward by defendants and find no prejudicial error.

No error.

Judges BROCK and GRAHAM concur.